HON. TIMOTHY W. DORE
Chapter: 11
Location: Telephonic
Hearing Date: April 9, 2021
Hearing Time: 9:30 a.m.
Response Due: April 2, 2021

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

WATERSHED HOLDINGS, LLC,

Debtor.

NO. 21-10235-TWD

**SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY**

Sound Capital Loans, LLC ("**Sound Capital**"), as successor to Sound Equity High Income Debt Fund, LLC, files this Motion to Dismiss or, in the Alternative, Motion for Relief from the Automatic Stay (the "**Motion**") in the above-captioned Chapter 11 case for the debtor-in-possession (the "**Debtor**"). The Motion is supported by the Declarations of Jennifer K. Faubion ("**Faubion Decl.**") and Ken Hansen ("**Hansen Decl.**"). Sound Capital respectfully states as follows:

## INTRODUCTION

Approximately five weeks have passed since the filing of this case. Despite numerous promises to do so, the Debtor has failed to make any meaningful progress toward either obtaining acceptable and necessary funding or a viable exit strategy. Sound Capital has been patient, based

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 1

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04156683.DOCX;7 }

on multiple representations by the Debtor as to the possibility of obtaining post-petition financing which would preserve the value of Sound Capital's collateral, and yet the Debtor has taken no action to demonstrate that it can reorganize. It is increasingly clear that the Debtor's Chapter 11 filing was just another effort, in a long line of delays and excuses, to prevent Sound Capital from collecting on its Promissory Notes and moving toward liquidation of its real property collateral. The filing of this case was a litigation tactic to escape the imminent appointment of a receiver by Sound Capital in state court, based on essentially a two-party dispute between Sound Capital and Watershed Holdings, LLC. It was not a legitimate attempt to obtain financing and reorganize under Chapter 11. In the meantime, Sound Capital's collateral languishes, partially constructed, and at risk of diminution while operations are suspended, without any acceptable financing in sight to complete construction and sell these properties.

## JURISDICTION

1. On February 3, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "**Bankruptcy Code**").[1] The Debtor continues in possession of its properties and management of its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

## BACKGROUND

**I.  The Loans and Collateral**

Between February and April 2019, Sound Capital provided refinancing of a series of construction loans to the Debtor for improvements at real property commonly described as 1919

---

[1] The Debtor's owner, Jennifer Wilson, and its manager, Marc Wilson, have a history of bankruptcy filings dating back to 2010. *See* Case Nos. 10-21832-TWD, 11-01939-TWD, 11-01940-TWD, 11-01953-TWD, 11-02163-TWD, and 11-12307-TWD.

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 2

{04156683.DOCX;7 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

and 1921 Federal Avenue E, Seattle, Washington 98112; 1523 and 1525 17th Avenue S, Seattle, Washington 98144; and 2470 E Helen Street, Seattle, Washington 98112 (together, the "**Real Property**"). Hansen Decl. ¶ 3. The Debtor executed three Promissory Notes Secured by Deeds of Trust (the "**Notes**") in favor of Sound Capital, with an original principal amount of $7,452,090.00 and non-default interest accruing at 8.99% per annum. *Id.* at ¶ 4; *see* Hansen Decl. Ex. A. The Notes required monthly interest-only payments until maturity. *See* Hansen Decl. Ex. A.

Pursuant to Deeds of Trust recorded between February and April 2019 (the "**DOTs**"), the Debtor granted security interests to Sound Capital, as the Beneficiary of the DOTs, to secure amounts owing, including amounts owing under the Notes. Hansen Decl. ¶ 4; s*ee* Hansen Decl. Ex. A. The DOTs encumbered both the Real Property and certain personal property. *See* Hansen Decl. Ex. A. The DOTs expressly provide for the appointment of a receiver as a remedy in the event of default. Hansen Decl. ¶ 4.

## II. Default and Receivership Proceeding

Principal and all amounts owing on the Notes are past due. *Id.* at ¶ 5. The Debtor failed to make interest payments since January 2020 and, although the Notes have matured, the Debtor has failed to pay all amounts due and owing under the Notes. *Id.* at ¶¶ at 5-6. As of December 15, 2020, the estimated payoff amount to pay the Notes in full was $7,192,536.76. *Id.* at ¶ 5. The estimated payoff amount does not include attorneys' fees or other costs of collection. *Id.* In addition, at the urging of Marc Wilson, the Debtor's Executive Vice President, various mechanic's liens have been recorded against the Real Property. *Id.* at ¶ 13.

Accordingly, on January 6, 2021, Sound Capital filed a Verified Petition and corresponding Motion for Appointment of a Receiver over the Real Property.[2] Faubion Decl. ¶ 3; *see* Faubion Decl. Ex. A. The Superior Court entered an Order to Show Cause Why a General Receiver Should

---

[2] An Amended Verified Petition, correcting an error as to the Debtor's name, was filed on January 8, 2021.

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 3

{04156683.DOCX;7 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

not be Appointed on January 6, 2021 and set a hearing on the Motion for the Appointment of a Receiver (the "**Appointment Hearing**") for January 21, 2021. *Id.* at ¶ 4.

Shortly after the filing, the Debtor's counsel informed Sound Capital's counsel that the Debtor was considering a Chapter 11 filing. *Id.* at ¶ 5. The Debtor's counsel relayed that the Debtor believed a receiver would merely finish the projects with a limited goal of paying off Sound Capital, leaving no equity for the Debtor. *Id.* However, if the Debtor were to pursue a Chapter 11 filing, Mr. Wilson would finish the projects in such a manner that would allow for full payment to all creditors and remaining equity for the Debtor. *Id.*

Sound Capital had significant concerns about Mr. Wilson's conduct, and was particularly concerned that its previous funding had been diverted for other uses and not directly to the Real Property. *See* Hansen Decl. ¶¶ 9-14; *see also* Faubion Decl. ¶ 10. Nonetheless, Sound Capital understood that the Debtor required funds to continue operating and developing the Real Property and that alternative financing would be difficult, if not impossible, to come by given the Debtor's lack of unencumbered funds and assets. Hansen Decl. at ¶¶ 17, 20. As such, Sound Capital offered to be the receivership financing party on commercially reasonable terms.[3] *Id.* at ¶ 20.

At the Debtor's request, Sound Capital agreed to continue the Appointment Hearing until January 28, 2021 to allow the Debtor time to explore, in good faith, the benefits of a receivership. Faubion Decl. ¶ 6. Thereafter, the parties engaged in negotiations in an attempt to come to an agreement as to the terms of the Order Appointing General Receiver. *Id.* at ¶ 7.

Because the negotiations as to the receivership financing and the terms of the Order were moving along in a positive manner, the parties agreed to again continue the Appointment Hearing until February 4, 2021. *Id.* at ¶ 8. After more than a week of negotiations, and on the day before the continued Appointment Hearing, the Debtor's counsel notified Sound Capital's counsel that the Debtor was again considering a Chapter 11 filing because "there [was] nothing in the

---

[3] Due to Sound Capital's concerns about Mr. Wilson's conduct, the offer to be the receivership financing party was made on the condition that Mr. Wilson, stepped back from his role operating and developing the properties.

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 4

{04156683.DOCX;7 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

receivership for the benefit of [the Debtor]." *Id.* at ¶ 9. When reminded of Sound Capital's concerns pertaining to its history with the Debtor, and the Debtor's ability to obtain financing, the Debtor's counsel asserted that the Debtor was already in discussions with a financing partner and that the Debtor's proposed financing would cover all three projects. *Id.* at ¶¶ 10-11. The Debtor's counsel reported that the proposed financing would, indeed, "take out" Sound Capital. *Id.* at ¶ 11.

The Debtor's counsel assured Sound Capital's counsel that he would not file if he did not believe the Debtor's funding source was "real." *Id.* at ¶ 12. Debtor's counsel further assured Sound Capital's counsel that the filing of a borrowing motion was imminent. *Id.* Based on these assurances, Sound Capital demonstrated patience and provided the Debtor with an opportunity to bring its preferred lender to the table. *Id.*

Sound Capital's priority continues to be the completion of the real estate development projects. Hansen Decl. ¶ 19. Still, over four weeks into to this case, no such financing has materialized, and it has become clear that the Debtor has no reasonable prospect of rehabilitation. Faubion Decl. ¶ 13. Moreover, the Debtor's counsel initially asserted that the Debtor's proposed financing would be for all three development projects and "take out" Sound Capital. *Id.* at ¶ 11. After filing this story changed—now, the Debtor's tentative financing was for completion of only one project, and the lender would not be lending in an amount necessary to take out Sound Capital. *Id.* at ¶ 13.

### III. The Value of the Real Property and Sound Capital's Secured Claims

The Debtor's Schedules list the following values for the Real Property as follows, which are all just slightly in excess of Sound Capital's Secured Debt:

| Property | Debtor's Scheduled Value | Sound Capital's Secured Debt |
|---|---|---|
| 2470 E Helen Street | $1,050,000.00 | $997,241.70 |
| 1919 and 1921 Federal Ave E | $2,600,000.00 | $2,567,272.25 |

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 5

{04156683.DOCX;7 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

| 1523 (Units A, B, and C) and 1525 (Units A, B, and C) 17th Ave S | $2,350,000.00 | $2,311,194.31 |

At present, Sound Capital estimates losing between $80,000-$100,000 per month. Hansen Decl. ¶ 18. The Real Property is also encumbered by several mechanic's liens. *Id.* at ¶ 9; s*ee* Debtor's Schedule D. The Debtor has no other assets. Accordingly, the Debtor has no unencumbered funds and no prospect of third-party financing.

## ARGUMENT

### I.   The Petition Should be Dismissed for Cause

Section 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11. U.S.C. § 1112(b)(1). The Ninth Circuit has held that a lack of good faith in filing a Chapter 11 petition establishes "cause" for dismissal under Section 1112(b). *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994). "The existence of good faith depends on an amalgam of factors and not upon a specific fact." *Id*. (quoting *Idaho Dep't of Lands v. Arnold* (*In re Arnold*), 806 F.2d 937, 939 (9th Cir. 1986)).

On a motion to dismiss under Section 1112(b), the debtor bears the burden to prove the Chapter 11 petition was filed in good faith. *Marshall v. Marshall* (*In re Marshall*), 721 F.3d 1032, 1048 (9th Cir. 2013). In seeking to determine whether the petition was filed in good faith, the debtor's "subjective intent" is not determinative. *In re Marsch*, 36 F.3d at 828. Rather, the good faith inquiry focuses on the manifest purpose of the petition filing and "whether [the] debtor is attempting to unreasonably deter and harass creditors or attempting to effect a speedy, efficient reorganization on a feasible basis." *Id.*

Multiple cases have set forth the factors that courts review in determining whether a case was filed in good faith. In *St. Paul Self Storage Ltd. Partnership v. Port Authority of St. Paul* (*In re St. Paul Self Storage Ltd. Partnership*), the court listed factors demonstrating a Chapter 11 case was filed in bad faith for purposes of dismissal under Section 1112(b). 185 B.R. 580, 582-83

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 6

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04156683.DOCX;7 }

(B.A.P. 9th Cir. 1995). The factors analyze whether: (1) the debtor has only one asset; (2) the debtor has an ongoing business to reorganize; (3) there are any unsecured creditors; (4) the debtor has any cash flow or sources of income to sustain a plan of reorganization or to make adequate protection payments; and (5) the case is essentially a two-party dispute capable of prompt adjudication in state court. *Id.*

The Ninth Circuit expanded on those factors to include whether: (1) the debtor has only one asset and the secured creditors' lien encumbers that asset; (2) there are generally no employees except for the principals; (3) there are allegations of wrongdoing by the debtors or its principals; (4) the debtor is afflicted with the "new debtor syndrome" in which a one asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors; and (5) bankruptcy offers the only possibility of forestalling loss of the property. *Stolrow v. Stolrow's, Inc.* (*In re Stolrow's, Inc.*), 84 B.R. 167, 171 (B.A.P. 9th Cir. 1988).

Courts examine the totality of the circumstances in determining bad faith. *Meadowbrook Invrs Grp. v. Thirtieth Place, Inc.* (*In re Thirtieth Place, Inc.*), 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983). The bankruptcy court does not need to consider all of the factors, nor does it have to weigh them equally—a court may find one factor dispositive or may find bad faith even if none of the factors are present. *Mahmood v. Khatib* (*In re Mahmood*), CC–16–1210–TaFC, 2017 WL 1032569, at *4 (B.A.P. 9th Cir. Mar. 17, 2017).

Several factors are present in this case, and the totality of circumstances suggest the Debtor is improperly using the bankruptcy process without any realistic prospect of reorganization.

**A.    The Bankruptcy Filing was the Result of Two-Party Dispute and an Effort to Thwart a State Court Receivership**

Courts find bad faith based on two-party disputes where there "is an apparent two-party dispute that can be resolved outside of the Bankruptcy Court's jurisdiction." *Sullivan v. Harnisch* (*In re Sullivan*), 522 B.R. 604, 616 (B.A.P. 9th Cir. 2014); s*ee also In re Silberkraus*, 253 B.R.

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 7

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

{04156683.DOCX;7 }

890, 902-03 (Bankr. C.D. Cal. 2000) (bad faith may be found under Section 1112(b) where the debtor has filed bankruptcy as a litigation tactic—e.g., forum shopping).

This Chapter 11 is a two-party dispute between Sound Capital (by far the Debtor's largest creditor, and the holder of the overwhelming majority of the Debtor's secured debt against all the Real Property) and the Debtor. There is no dispute that the Debtor's Chapter 11 petition was filed to avoid the appointment of a receiver that it had explicitly consented to in its loan documents. *See* Faubion Decl. ¶¶ 5, 9. The Chapter 11 petition is an attempt to engage in forum-shopping and avoid the state court receivership proceeding despite negotiating for that remedy.

The state court receivership process offers a prompt adjudication of this dispute. An appointed receiver, with funding provided by Sound Capital, could maintain and complete construction on the properties to protect them from diminution in value, while moving to market and sell the properties for the benefit of creditors. The Debtor's filing on the eve of the appointment of a receiver indicates bad faith. *See In re St. Paul Self Storage Ltd. P'ship*, 185 B.R. at 584 (bad faith for the debtor to file for bankruptcy prior to state court trial to take advantage of a forum it perceived to be more friendly).

**B.  The Debtor Has no Income, Business or Real Employees**

It is undisputed that the Debtor has no working employees. Hansen Decl. ¶ 16. The Debtor did not file any first day motions, including a Motion to Pay Prepetition Wages. Mr. Wilson—a W-2 employee and the only employee of the Debtor—testified that he was not receiving any wages post-petition and that the Debtor had no employees. *Id.*

**C.  The Debtor has No Other Cash Flow to Sustain a Reorganization or Make Adequate Protection Payments, and the Debtor has No Feasible Reorganization Plan**

A debtor is unable to effectuate a plan where it "lacks the ability to formulate a plan or to carry one out." *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989).

Here, the Debtor has no cash flow and no funding to sustain a reorganization plan or make adequate protection payments. The Bankruptcy Code makes clear that, in the absence of a

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 8

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04156683.DOCX;7 }

reasonable plan for rehabilitation, dismissal is an appropriate response. 11 U.S.C. § 1112(b). The Debtor has been in Chapter 11 for over four weeks, with continued assurances that post-petition funding is imminent. Still, no funding has materialized and the likelihood that any such funding will materialize is highly unlikely—the secured debt held by Sound Capital exceeds the value of the properties, and any secured funding pursuant to 11 U.S.C § 364, unless junior to Sound Capital, would require Sound Capital's consent and a showing of adequate protection. As discussed below, the Debtor cannot demonstrate adequate protection of Sound Capital's secured position

### D. The Debtor Improperly Used Sound Capital's Funds Prepetition and Has Failed to Account for Post-petition Funds

Sounds Capital served as the Debtor's primary source of funding. As set forth in the Declaration of Ken Hansen, Sound Capital advanced the Debtor multiple draws with the commitment that the funds were being used on the development of the Real Property, including the payment of any necessary vendors and suppliers. *See* Hansen Decl. ¶ 9-13. And yet, over that time period, the Debtor revealed that it not only failed to pay for these services, it then encouraged parties to file mechanic's liens on the Real Property. *See id.* at ¶ 13. The Debtor also revealed at its 341 Meeting of Creditors that it purchased Seattle Seahawks tickets -- an example of the use of Sound Capital's funding for non-development purposes. *Id.* at ¶ 14.

Moreover, the Debtor obtained insurance post-petition for the Real Property that cost approximately $14,000. *Id.* at ¶ 15. The Debtor testified at the 341 Meeting of Creditors that the funding for those insurance premiums were provided by the owner of the Debtor, Jennifer Wilson, but provided no specifics or evidence showing the source of funds. *Id.*

### E. Dismissal is in the Best Interest of Creditors

Dismissal is in the best interest of the creditors. The Debtor currently has neither cash nor a means to operate their business and generate revenue and continuing to stay in Chapter 11 will only further harm Sound Capital and all other creditors. On the other hand, the contemplated state court receivership proceeding would provide (1) a court-appointed fiduciary with real estate

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

{04156683.DOCX;7 }

experience to operate or liquidate the Real Property for the benefit of creditors; (2) funding provided from Sound Capital would allow for the both maintenance and improvements on the Real Property, and (3) a forum for creditors to obtain transparency on the Debtor's operations and assets.

## II. The Automatic Stay Should Be Lifted For Cause

Under Section 362(d)(1) of the Bankruptcy Code, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," which allow courts to make determinations on a case-by-case basis. *In re Nelson*, No. 16-44597, 2017 WL 745595, at *4 (Bankr. W.D. Wash. Feb. 24, 2017) (citing *Christensen v. Tucson Ests., Inc.* (*In re Tucson Ests., Inc.*)), 912 F.2d 1162, 1166 (9th Cir. 1990)); *see Fadel v. DCB United LLC* (*In re Fadel*), 492 B.R. 1, 11 (B.A.P. 9th Cir. 2013) ("What constitutes 'cause' to terminate the stay is determined on a case-by-case basis.").

Here, the Debtor cannot demonstrate that Sound Capital is adequately protected. Adequate protection is required to safeguard the creditor against collateral depreciation during the reorganization process. *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988); *In re Weinstein*, 227 B.R. 284, 296 (B.A.P. 9th Cir. 1998). The concept of adequate protection is "designed to ensure that a creditor with a secured claim receive[s] essentially what such creditor bargained for. Therefore, such adequate protection must be completely compensatory. *In re Dev., Inc.*, 36 B.R. 998, 1006 (Bankr. D. Haw. 1984). If the value of collateral decreases during the pendency of the automatic stay, the creditor is entitled to cash payments, replacement liens or other means to compensate it for the loss. 11 U.S.C. § 361. At base, a secured should be compensated to protect against any devaluation of its interest.

The Debtor cannot adequately protect Sound Capital. The secured claims against the property are in excess of the Debtor's scheduled value, and the Debtor is overleveraged with no equity cushion and no reasonable prospect of third-party financing that could provide Sound

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

{04156683.DOCX;7 }

Capital with adequate protection payments. Meanwhile, the Real Property is remaining as-is, partially constructed, open to the elements, with no security, or other means to protect the properties from almost-certain diminution in value. Accordingly, Sound Capital cannot be adequately protected from ongoing impairment of its security. This lack of adequate protection constitutes cause under Section 362(d)(1), entitling Sound Capital to relief from the automatic stay.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

Bankruptcy Rule 4001(a)(3) states that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise*." FED. R. BANKR. P. 4001(a)(3) (emphasis added).

Sound Capital respectfully request that the customary fourteen-day stay imposed by Bankruptcy Rule 4001(a)(3) be waived so that, should the relief requested herein be granted, Sound Equity may immediately exercise all of its rights and remedies under the terms of its loan agreements Accordingly, the Court should waive the stay in order to avoid Sound Capital suffering additional and irreparable harm.

## CONCLUSION

For the foregoing reasons, Sound Capital requests that the Court grant this Motion to Dismiss or, in the alterative, grant Sound Capital's request for Relief from the Automatic Stay.

DATED this 12th day of March, 2021.

CAIRNCROSS & HEMPELMANN, P.S.

*/s/ Jennifer Faubion*
Jennifer Faubion WSBA No. 39880
E-mail: jfaubion@cairncross.com
Aditi N. Paranjpye, WSBA No. 53001
Email: aparanjpye@cairncross.com
Nicole R. Springstroh, WSBA No. 55714
E-mail: nspringstroh@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

{04156683.DOCX;7 }

Telephone: (206) 587-0700
Facsimile: (206) 587-2308
Attorneys for Creditor Sound Capital Loans, LLC

SOUND CAPITAL LOANS, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM AUTOMATIC STAY - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{04156683.DOCX;7 }